[Cite as *State v. Madan*, 2012-Ohio-4347.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  1-12-14

     v.

AMIT MADAN,                        O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR20110239

Judgment Affirmed

Date of Decision:  September 24, 2012

APPEARANCES:

     *Christopher R. Bucio*  for Appellant

     *Jana E. Emerick*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Amit Madan ("Madan") brings this appeal from the judgment of the Court of Common Pleas of Allen County finding him guilty of one count of aggravated trafficking in drugs and aggravated possession of drugs. The trial court then sentenced Madan to a total term of three years in prison. For the reasons set forth below, the judgment is affirmed.

{¶2} On August 11, 2011, the Allen County Grand Jury indicted Madan on the following counts: 1) Trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(c), a felony of the third degree; 2) Trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(a), a felony of the fourth degree; 3) Trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(a), a felony of the fourth degree; 4) Trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(c), a felony of the third degree; 5) Trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(c), a felony of the third degree; 6) Trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(c), a felony of the third degree; 7) Trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(c), a felony of the third degree; 8) Trafficking in drugs in violation of R.C. 2925.03(A)(1) & (C)(1)(c), a felony of the third degree; 9) Possession of drugs in violation of R.C. 2925.11(A) & (C)(1)(b), a felony of the third degree; and 10) Tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. Madan entered pleas

of not guilty to all charges. On December 19, 2011, Madan and the State entered into a negotiated plea agreement. Madan agreed to enter guilty pleas to counts three and nine and to forfeit a vehicle and cash as specified in the indictment. Madan also agreed to a prison term of three years for the offenses. In exchange, the State agreed to dismiss all the remaining counts and to recommend a total prison term of three years to the trial court. The change of plea hearing was held that same day and the guilty pleas were accepted. The remaining counts of the indictment were dismissed.

{¶3} On February 24, 2012, the sentencing hearing was held. The trial court sentenced Madan to eighteen months in prison on each count and ordered that the sentences be served consecutively for a total prison term of three years. Madan appeals from this judgment and raises the following assignment of error.

**The Appellant was denied his right to effective assistance of counsel.**

{¶4} In the sole assignment of error, Madan claims that he was denied effective assistance of counsel because counsel promised him community control and that is why he entered a guilty plea. "Reversal of convictions on ineffective assistance requires the defendant to show 'first that counsel's performance was deficient and, second that the deficient performance prejudice the defense so as to deprive the defendant of a fair trial.'" *State v. Cassano,* 96 Ohio St.3d 94, 2002-Ohio-3751, ¶ 105, 772 N.E.2d 81. The defendant must show that there was a

reasonable probability that but for counsel's error, the result of the trial would have been different. Id. at ¶ 108. *State v. Baughman*, 3d Dist. No. 1-10-34, 2010-Ohio-4951.

{¶5} Here, the evidence is clear that regardless of what counsel may or may not have told Madan, he was aware that he was going to serve a prison term. First, he agreed to serve three years in prison as part of his plea agreement. Second, the trial court told him as much at the change of plea hearing.

> **Mr. Miller: * * * It's also the understanding of the parties that the rest – the remaining counts in the indictment will be dismissed. Bond will be continued. The Court will order a PSI. And the State and the Defense agree to a 3-year sentence in this particular case.**
>
> **The Court: Mr. Brady and/or Mr. Doute, is this your understanding?**
>
> **Mr. Brady: It is Your Honor. * * ***
>
> **The Court: Very Well. Thank you. Mr. Madan, is this your understanding?**
>
> **Mr. Madan: Yes, Your Honor.**
>
> **\* \* \***
>
> **The Court: There's an advisory presumption against going to prison, as far as count 3 is concerned, the felony 4. And there's a presumption in favor of prison on count 9 or count 9 (sic); do you understand?**
>
> **Mr. Madan: Yes, Your Honor.**

**The Court:  Do you understand that this does not require a mandatory prison term and that there has been, by agreement of the parties, an agreed sentence of three (3) years; is that your understanding?**

**Mr. Madan:  Yes, Your Honor.**

**The Court:  Do you understand that you could -- if the sent – the court sentences – when the court sentences you to prison for three (3) years that you must serve at least six (6) months before you would be eligible for early – any early release; do you understand?**

**Mr. Madan:  Yes, Your Honor.**

**The Court:  Now it's an agreed sentence of three (3) years.  You could file for early release, but that's entirely up to the court as to whether that would be granted; do you understand?**

**Mr. Madan:  Yes, Your Honor.**

**\* \* \***

**The Court:  Has anyone promised you anything, other than what we've discussed here today?**

**Mr. Madan:  No, Your Honor.**

**The Court:  And that is the State would dismiss counts 1, 2, 4, 5, 6, 7, 8, and 10.  Continue your bond.  The Court would order a pre-sentence investigation.  And the State and Defendant agree on a 3-year sentence.**

Sentencing Tr. 2-3, 8-9, 13.  Madan signed a written copy of the plea agreement specifying that he agreed to serve a three year prison term.  The trial court repeatedly stated that he would receive a sentence of three years in prison.  The trial court even went so far as to say that "when" he sentenced Madan to three

years, not if. There could be no doubt at the end of the change of plea hearing that Madan would be sentenced to three years in prison. Thus, regardless of what his attorney did or did not tell Madan, Madan knew what his sentence was going to be and agreed to it. The words of the attorney did not change the outcome. This court also notes that Madan did not file his motion to withdraw his guilty plea prior to the filing of this appeal. This appeal is only a direct appeal of the conviction and sentence. It is not an appeal of any motions made or decided afterwards. Any issue from those motions and rulings are not before us at this time and would need to be appealed separately. This court also notes that Madan had two attorneys and only alleges that one of them made the improper statements. A review of the record indicates that the other attorney did not share the viewpoint of the alleged ineffective attorney. See Defendant's Motion to Continue Sentencing. The sentence Madan received is the sentence he agreed to prior to changing his plea. Thus, he cannot claim he erroneously entered his plea. The assignment of error is overruled.

{¶6} Having found no error prejudicial to the defendant, the judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur in Judgment Only.**

**/jlr**